## CIRCUIT COURT OF FAIRFAX COUNTY

James A. Whitman et al.

v.

Sunrise Premiere
Pool Builders et al.

March 4, 2002

Case No. (Law) 199082

BY JUDGE ARTHUR B. VIEREGG

This action came before me for argument on Friday, February 22, 2002, on the defendants' motion to dismiss or in the alternative to stay plaintiffs', the Whitmans', action for damages suffered by the defendants' breach of "contract" to build a swimming pool.[1] Defendants' motion is based on the fact that the parties agreed in the Contract to resolve any disputes by arbitration. Paragraph 16 provided:

> Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled in arbitration in accordance with the Commercial Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

The Whitmans opposed defendants' motion to dismiss or stay pending arbitration by maintaining that the parties' Contract was unenforceable

---

[1] The defendants' companion motion to crave oyer is moot. The parties handed up a printed contract that counsel conceded was the parties' agreement for the construction of the pool (hereinafter "Contract").

because it was printed in type that was so small as not to conform to Virginia Code § 11-4.[2] That statute provides in pertinent part as follows:

> *No contract* in writing entered into between a citizen of this Commonwealth and any person, firm, company or corporation, domestic or foreign, doing business in this Commonwealth, *for the sale and delivery of any good or chattels, machinery or mechanical devices, or personal property of any kind or sort whatsoever*, shall be binding upon the purchaser, where the form is printed and furnished by the person, firm, company or corporation, unless all the provisions of such contract are clearly and plainly printed or written; and, where printed, such provisions and covenants and all stipulations as to the rights of the vendor shall be in type not less than the size known as ten point; and wherever, in such contract, printed on a form furnished by the vendor, it is stipulated that the vendor is not to be bound by any verbal agreement or modification of the terms of such printed contract, then such printed as a separate paragraph or paragraphs and in a type not smaller than pica. . . .

(Emphasis added.)

The statute contains examples of ten-point and pica type. A review of the Contract demonstrates (1) that most of its print is smaller than both ten-point and pica type; and (2) that Section 11 on the reverse side of the Contract, which is written in type smaller than ten-point and pica type, purports to negate the existence of oral agreements. The arbitration provision is also printed in this miniscule type. Because it is printed in such small type, it is plain that *if* Virginia Code § 11-4 governs the enforceability of the Contract, the Whitmans are not bound by it.[3]

---

[2] The Whitmans also opposed the motion to dismiss on the basis that the arbitration denominated in the parties' agreement is not in existence. No admissible evidence of this fact was presented. Accordingly, the motion is dismissed on this ground.

[3] As indicated in oral argument, plaintiffs are seeking damages under the parties' written contract on one hand, while seeking to evade the terms of the arbitration clause by maintaining that the written contract is not binding upon the parties. This anomalous approbative/reprobative position is apparently based on the supposition that if the written contract is not binding, there must have been an independent oral agreement which was embodied in that non-binding written agreement. This Court is not called upon to address the legal sufficiency of that argument and accordingly will not do so.

Although the Contract is not the model of clarity, it appears to represent an agreement for the construction of a swimming pool. Furthermore, the plaintiff has averred that to be the case. *See*, Motion for Judgment, ¶ 4.[4] The question thus becomes whether or not Virginia Code § 11-4 governs the Contract to construct this swimming pool.

A review of the provision of the Contract discloses that the defendants were to excavate a site on the Whitmans' land for the pool; construct the pool in accordance with certain plans and specifications; and to install certain equipment related to the pool. The Contract enumerates certain equipment, all of which is apparently to be attached to or incorporated into the pool structure. This equipment, through its incorporation into the pool structure, appears to constitute fixtures to the Whitmans' real estate. *Transco Corp. v. Prince William County*, 210 Va. 550, 555 (1970); *State Highway & Transp. Comm'r v. Edwards Co.*, 220 Va. 90, 94 (1979).

The question dispositive of whether or not Va. Code § 11-4 applies to the Contract is whether or not an agreement to construct a swimming pool constitutes a contract "for the sale and delivery of any good or chattels, machinery or mechanical devices, or personal property of any kind or sort whatsoever." Va. Code § 11-4. This issue may be decided in accordance with the cardinal "plain-meaning rule" of statutory construction. *Vollin v. Arlington County Electoral Bd.*, 216 Va. 674, 679 (1976). The plain meaning of the statutory language adopted by the General Assembly in enacting § 11-4 demonstrates that the statute refers only to *contracts for the sale and delivery of personalty*. The statutory language neither purports to deal with personalty that has transformed into fixtures, which by definition constitutes *real*, not personal, property, nor does the language of § 11-4 purport to relate to personalty incorporated into a construction project, which, as such, is not capable of delivery. Accordingly, § 11-4 simply is inapplicable to the parties' contract.

For the foregoing reasons, I conclude that the parties' construction contract does not fall within the ambit of contracts governed by § 11-4.

---

[4] Paragraph 4 provides in pertinent part: "Plaintiffs entered into a contract ('the contract') with Defendant Sunrise under the terms of which Defendant Sunrise was to construct an in-ground swimming pool and to provide and install certain equipment and fixtures pertaining thereto. . . ."